289 So.2d 3 (1974)
In re RULE 3.131(b), FLORIDA RULES OF CRIMINAL PROCEDURE.
No. 44958.
Supreme Court of Florida.
February 4, 1974.
PER CURIAM.
Under the present Rules of Criminal Procedure, every defendant charged with a non-capital offense is entitled to a preliminary hearing within 72 hours if he is in custody. The purpose of this provision was to speed the filing of information and thereby require the state attorney to determine, within 72 hours, whether a defendant will be prosecuted or should be released.
Before filing an information every state attorney should not only seek probable cause in his investigation, but also determine the possibility of proving the case beyond and to the exclusion of every reasonable doubt. If the latter cannot be accomplished, no information should be filed and the defendant should be released. The rule requiring this determination within 72 hours will result in the filing of some cases in which the state attorneys do not have a firm belief as to the integrity of the charge, or the state attorneys will be required to invoke a complete preliminary hearing system, with all its attendant costs and burdens upon the judicial system as well as the people of the state.
The state attorneys have requested that this rule be amended so that they will be allowed the period of 96 hours within which to complete their investigation of the case and determine whether to file an information or dismiss the charge. If the *4 time is extended to 96 hours, the number of cases in which no information is filed will be increased and the number of cases in which a nolle prosequi of an information is entered will be reduced. The amendment will prevent charges from being filed against innocent people in cases where the state objectively could not prove the charges brought by the investigating law enforcement agency.
In an effort to expedite the dismissal of unwarranted charges brought against innocent citizens and in an effort to facilitate the operation of the criminal justice system with least inconvenience to the citizen, Rule 3.131(b) 33 F.S.A. is hereby amended so that the same shall read as follows:
RULE 3.131 PRELIMINARY HEARING
* * * * * *
(b) In all cases where the defendant is in custody, except capital offenses or offenses punishable by life imprisonment, the preliminary hearing shall be held within 96 hours from the time of the defendant's first appearance. In all capital offenses and offenses punishable by life imprisonment, the preliminary hearing shall be held within seven days of the time of the defendant's first appearance. Should the charges as set forth in paragraph (a) of this rule not be filed, or the preliminary hearing as set forth in this paragraph not be held within the time period herein specified, then the court shall release the defendant on a personal surety bond, without the necessity of additional surety signing thereon, together with such other conditions as to the court may seem just and proper under the circumstances.
This rule shall take effect on March 1, 1974.
It is so ordered.
CARLTON, C.J., and ROBERTS, ADKINS, McCAIN and DEKLE, JJ., concur.
ERVIN, J., dissents with opinion.
BOYD, J., dissents.
ERVIN, Judge (dissenting):
This postponement by rule for yet another twenty-four hours (increasing the time to four days) within which preliminary hearings must be afforded uncharged suspects held in custody is yet another retreat from the modern view that deprivation of an accused's liberty should not be unduly prolonged by the slowness of the prosecutorial machinery. Originally it was provided in the American Bar Association's proposed Minimum Standards for Criminal Justice that the time of such detention in custody of accused felons for crimes less than capital and misdemeanants should be only twenty-four hours.
This further extension of the time during which an accused may be held in custody for prosecutorial investigation  after the arresting officer has made the arrest  compounds an already undue length of time for state action. An accused is entitled to an expeditious determination of whether there is probable cause for charging him and holding him in further custody.
This modification is but another imposition upon poor people unable to secure bail upon arrest. It is a relaxive indication there is to be no incentive for speeding up of the state procedures for determining whether accuseds should be further detained. It is contrary to the spirit of the Constitution for early release of the innocent and the speedy charging and prosecution of the guilty.