BOYER, Judge
(dissenting).
I respectfully dissent.
Appellant was tried on two counts of assault to murder and one count of armed robbery. At the close of the evidence he specifically requested that the jury not be instructed on lesser included offenses. The trial judge denied appellant’s request and charged the jury on a total of 16 offenses, as follows: Included within the robbery ■ — larceny, attempted robbery, aggravated assault, assault and battery and bare assault; and included within each count of the assault to murder — assault to commit manslaughter, aggravated assault, assault and battery and bare assault. The jury returned two guilty verdicts against appellant, convicting him of aggravated assault as a lesser included offense within that of robbery and of aggravated assault as a lesser included offense within that of assault to murder.
The above mentioned request at the close of the evidence did not come as a surprise to either the trial judge or the State as appellant’s counsel had informed both at the beginning of the trial that the request would be made.
The State relies on State v. Washington, Sup.Ct.Fla.1972, 268 So.2d 901, in which our Supreme Court clearly and unequivocally held that, notwithstanding a specific waiver and a request to the contrary, Florida Statute 919.16, F.S.A., required the trial court to instruct the jury on lesser included offenses. Florida Statute 919.16, F.S.A., has since been repealed and replaced with Rule 3.510 RCrP, 33 F.S.A., however, it does not appear that the constitutionality of that statute, as so applied, was raised in Washington.
In. my opinion a defendant is entitled to know exactly for what offense he is being tried. ■ Our Supreme Court has recently held that before filing an information, the State Attorney should not only seek probable cause but also determine the possibility of proving the case beyond and to the exclusion of every reasonable doubt. (In Re Rule 3.131(b), Florida Rules of Criminal Pro., Sup.Ct.Fla.1974, 289 So.2d 3). As a corollary, it seems to me, the State Attorney should also determine the crime for which a defendant is to be charged. If the rule is construed in the manner that the Supreme Court construed the former statute in Washington, the State Attorney is permitted to take a scatter-gun approach by overcharging the defendant on a given offense, permitting the jury to be presented with a varitable smorgasbord of lesser included offenses from whence they may choose at will. This practice prevents the defendant from being able to effectively defend on the crime charged and, in my opinion, violates his rights of due process as guaranteed by the Constitution of the State of Florida and the Constitution of the United States of America. My reading of State v. Washington does not indicate that the defendant there raised the constitutional issue. It has been raised here.
*64 To permit a defendant to be charged for one crime and tried and convicted for another places a premium upon guilt. A guilty defendant, at least in most instances, is fully aware of all of the facts surrounding the crime but an innocent defendant must depend for a revelation of the facts upon the information by which he is charged and pretrial discovery. We in America are blessed with the cornerstone of our criminal jurisprudence, the ever abiding presumption of innocence until proven, beyond and to the exclusion of every reasonable doubt, to be guilty.
I would hold that the concluding sentence in Rule 3.510 RCrP is mandatory unless waived; and that construing it to be mandatory notwithstanding a specific waiver renders it, in application, unconstitutional and therefore invalid. The Supreme Court, in State v. Washington, supra, in which, as above mentioned, the constitutional issue was not raised, recognized and stated that the position here taken “comports with logic and fairness.” Fairness is, or certainly ought to be, the pole star of all law.