PER CURIAM.
The state seeks review of an order of the trial court discharging the defendant-appellees from the crimes for which they were charged in an information.
The defendants were arrested on August 25, 1973. On September 5, 1973 a preliminary hearing was held in the Dade County Court, and the defendants were bound over to circuit court upon a finding of probable cause that the defendants committed the crimes for which they were arrested. The information, however, was not filed by the State until October 5, 1973, exactly one month later. The order now appealed was entered by the trial judge on November 21, 1973. As grounds for discharging the defendants, the judge stated in his order that the State had failed to file an information against the defendants within 14 days from the time they were bound over by the county court to the circuit court.
We reverse and hold that there is nothing within the Florida Criminal Rules of Procedure requiring the state to file an information within two weeks from the time a defendant is bound over following a preliminary hearing.
As this court stated in State v. Fattorusso, Fla.App.1969, 228 So.2d 630, the trial court has the inherent right to dismiss an action in the interests of the orderly administration of justice. But, in this case there was no “continuous, deliberate or flagrant violation” of any order of the trial court or any rule of procedure propounded *23 by the Florida Supreme Court which would justify the drastic action taken by the trial court. Therefore, we conclude that the court abused its discretion by discharging the defendants.
The appellees argue that CrPR 3.131(b) requires that a defendant in custody must be given a preliminary hearing within 96 hours from the time of the defendant’s first appearance, or else be released from custody on a personal surety bond.
Appellees further cite the Florida Supreme Court’s per curiam opinion In re Rule 3.131(b), Florida Rules of Criminal Procedure, Fla.1974, 289 So.2d 3. Therein, the court stated that the purpose of Rule 3.131(b) was to speed the filing of an information by requiring the state attorney to expedite his investigations not only as to whether there is probable cause, but also into the possibility of proving guilt beyond a reasonable doubt.
While we agree totally with the salutary purpose for the rule, we do not think that the state’s delay in this case should have prompted a discharge of defendants. The appellees argue that because of the delay in this case they were denied their right to be informed of the nature and cause of the criminal accusation against them and therefore denied their right to prepare and present a defense.
However, in our view the 30-day delay in filing the information following a preliminary finding of probable cause did not so seriously prejudice their defense as to entitle the appellees to a discharge from prosecution.
In the Fattomsso case, supra, this court indicated that a dismissal with prejudice against the state for delay in filing of an information is justified only where the prosecution has displayed “a deliberate and contumacious disregard of the court’s authority” or where the defendant can show a deprivation or denial of any constitutional rights or privileges by the state.
Therefore, for the reasons stated, the order appealed is reversed, and the cause is remanded for further proceedings.
Reversed.