## In re CASTRO.

No. 75-4243.

Circuit Court, Broward County.

April 11, 1975.

Steadman S. Stahl, Jr., Hollywood, petitioner.

Philip S. Shailer, State Attorney.

LAMAR WARREN, Circuit Judge.

A petition with exhibits attached was filed by Steadman S. Stahl, Jr., individually and as a member of the Broward County bar, seeking the appointment of a prosecuting attorney to discharge the duties of the state attorney.

The matter is before the court on a motion to dismiss the petition and a motion to strike sham pleading filed by the intervenor Philip S. Shailer, as state attorney of the 17th Judicial Circuit in and for Broward County.

The petition of over twenty-one pages related that it was obvious "that the prosecutor of this judicial circuit, the sheriff of this county, and the chief of police of Fort Lauderdale, all having jurisdiction over the investigation and the prosecution of those who commit crime in this county, do not intend to investigate and prosecute Julie Castro for the crime of homicide, nor does the Governor of the state of Florida intend to act or appoint an investigator to investigate the facts and circumstances surrounding the killing of Bernard Castro, Jr., nor does he intend to appoint an 'outside' state attorney to handle a prosecution involving Julie Castro, there is no other relief that can be sought for the prosecution of Julie Castro for a crime which there is ample probable cause to believe that she committed," and it requested the court to appoint a member of the bar of this county to investigate and to bring charges against Julie Castro for the murder of Bernard Castro, Jr.

The court heard extensive argument on the motions, has examined the authorities offered by the parties, and has made its own research.

Petitioner finds jurisdiction for this court to make the appointment requested in §27.16, Florida Statutes, the pertinent part of which is as follows —

> "[I]f a state attorney shall not be present at any regular or special term of the courts of his circuit *or, being present, shall from any cause be unable to perform the duties of his office or shall be disqualified* to act in any particular case, *the circuit judge of his judicial circuit shall have full power to appoint a prosecuting officer from among the members of the bar,* with the consent of the member so appointed, to whom shall be administered an oath to faithfully discharge the duties of state attorney, and who shall have as full and complete authority, and whose acts shall be in all respects as valid as a regularly appointed state attorney." (Emphasis supplied.)

It was not shown in the petition that the intervenor state attorney was from any cause unable to perform the duties of his office or disqualified; nevertheless, the petitioner called to the court's attention the decision of Taylor v. State (1905), 38 So. 380, which is annotated under §27.16, supra. Therein it appeared that the state attorney was unwilling and refused to perform his duties, "and the case was of such character that the minds of the jury, untrained in legal matters, needed professional assistance." After determining that there was no express provision in the law for procedure, should the state attorney, while present and able, refuse to represent the state, the court stated, "The law does not contemplate a lapsus through which the guilty, by reason of the complacency, good fellowship, or what not of the state attorney, may escape indictment, and then suffer vicarious punishment through the removal of the officer. . . . In the instant case we have a casus omissus, for which no provision has been made by express legislative enactment. Much less is there an express inhibition against the application of that same public policy or implied power. Under such conditions we find the authorities overwhelming, if not unanimous, to the proposition that the circuit court has the power to appoint a member of the bar, a wholly impartial person . . . to represent the state."

As has been observed, the state attorney in the *Taylor* case for some reason had refused to represent the state in the discharge of his lawful duties. The petition before this court reflects, however, that the office of the intervenor state attorney, together with the Fort Lauderdale police department, investigated the facts of this

case. The grand jury was summoned to hear the case in November. An assistant state attorney was assigned to present the case to the grand jury. The grand jury met for an extraordinarily long period of time in its deliberations and in the taking of testimony. Julie Castro appeared before the grand jury for approximately five hours and gave testimony, having wavied immunity from prosecution. At the conclusion of the taking of testimony, the assistant state attorney discussed with the grand jury the facts and the law pertaining to homicide and self-defense. The grand jury returned a no true bill.

§27.03, Florida Statutes, is in the following language — "Whenever required by the grand jury, the state attorney shall attend them for the purpose of examining witnesses in their presence, or of giving legal advice in any matter before them; and he shall prepare bills of indictment."

§27.18 provides — "The state attorney, by and with the consent of the court, may procure the assistance of any member of the bar when the amount of the state business renders it necessary, either in the grand jury room to advise them upon legal points and framing indictments, or in court to prosecute criminals; . . ."

The state attorney was empowered to give the grand jury legal advice, and it was proper for an assistant to assume these duties, and it fully appears that there was not on the part of the intervenor state attorney any "lapsus through which the guilty, by reason of the complacency, good fellowship, or what not, of the state attorney [has escaped] indictment," and thus the *Taylor* case, supra, does not apply.

Petitioner further states that although there is ample reason and probable cause to believe that a crime has been committed by Julie Castro, as demonstrated by his petition, yet she goes free unprosecuted and not charged because of the action of the state attorney's office, it being content to let the matter go unprosecuted because the grand jury refused to act; that the intervenor could file a direct information charging the non-capital crime of second degree murder.

The court was referred by the petitioner to the decision of Hall v. State (1939), 187 So. 392, 398, wherein the court, in discussing the right of a state attorney, assigned by the Governor to another circuit, to file an information in the circuit to which he was assigned, said, "We are therefore of the opinion that the filing of an information by an assigned state attorney may be included within the terms of [a statute], and under the above authorities it *may* become the positive duty of such assigned state attorney, acting as 'the prosecuting attorney of the court wherein the information is filed,' after hear-

ing and considering sworn testimony in a case involving a non-capital felony and *satisfying himself* that the evidence is sufficient to sustain a verdict of guilty of some criminal offense, to prepare and file an information charging the accused with the commission of such crime." (Emphasis supplied.) This authority simply construes a statute but, in addition, indicates the discretionary standard of the state attorney.

In 1974, the Supreme Court, In re Rule 3.131 (b), Florida Rules of Criminal Procedure, Fla., 289 So. 2d 3, admonished that —

> "Before filing an information every state attorney should not only seek probable cause in his investigation, but also determine the possibility of proving the case beyond and to the exclusion of every reasonable doubt. If the latter cannot be accomplished, no information should be filed and the defendant should be released."

Without a showing that the intervenor state attorney has failed to follow the procedure above set out, this court is required to assume that the intervenor state attorney has followed the procedure, and has determined that he cannot prove a case against Julie Castro beyond and to the exclusion of every reasonable doubt, and that therefore no information should be filed.

Petitioner also complains that the function of the grand jury has been abused, in that it has been permitted to consider facts completely immaterial and irrelevant, to determine what evidence constituted self-defense, and has been permitted to act as both judge and jury. §905.16, Florida Statutes, however, mandates that "The grand jury shall inquire into every offense triable within the county for which any person has been held to answer . . . and all other indictable offenses triable within the county that are persented to it by the state attorney or his designated assistant or otherwise come to its knowledge." And in the case of In re Report of Grand Jury, 11 So. 2d 316, the court declared that, "It would be a strange anomaly to hold that their power to indict or to recommend did not comport with their power to investigate." Further, "When they find that the law has been violated, it is their duty to indict but when they find charges made to be without foundation, it is as much their duty to exonerate as it is to indict in the first instance." This complaint of the petitioner must fall.

Petitioner alleged that "It is believed that Julie was permitted to testify in regard to facts irrelevant, facts which would be inadmissible," and in the petition he requested the court to instruct the intervenor to furnish the court with a transcript of the grand jury proceedings, particularly "Julie's testimony." The court does not

consider such request, tenuous in nature, to be within the boundaries of or permissible under §905.27, Florida Statutes.

The court has fully considered the petition and has concluded that the same should be dismissed. It is not necessary to consider the motion to strike sham pleading.

It is accordingly adjudged that intervenor's motion to dismiss is granted and the petition is dismissed.