

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-6-2008

# USA v. Daniel

Precedential or Non-Precedential: Precedential

Docket No. 07-2413

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Daniel" (2008). *2008 Decisions.* Paper 1351.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1351

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2413

_____

UNITED STATES OF AMERICA

v.

AMBROSE DANIEL,

Appellant.

_____

On Appeal from the United States District Court
for the District of the Virgin Islands
Division of St. Croix
(District Court No. 05-cr-00054)
District Judge:  Hon. Curtis V. Gomez

_____

Argued on December 11, 2007

Before:  SMITH, NYGAARD and ROTH, Circuit Judges

(Opinion filed: March 6, 2008)

Martial A. Webster, Esquire **(ARGUED)**
116 Queen Cross Street
Frederiksted, St. Croix
USVI   00840

Counsel for Appellant


Denise A. Hinds-Roach, Esquire **(ARGUED)**
Assistant U. S. Attorney
Office of the United States Attorney
1108 King Street, Suite 201
Christiansted, St. Croix
USVI   00820

Counsel for Appellee

O P I N I O N

**ROTH,** Circuit Judge:

Defendant Ambrose Daniel appeals his conviction of unlawful possession of ammunition under section 2256 of Title 14 of the Virgin Islands Code. This appeal presents the question of whether the government, having shown that Daniel was not

2

licensed to possess a firearm, likewise proved beyond a reasonable doubt that his possession of ammunition was unlawful. We hold that the government has failed to prove a requisite element of the offense in this case, and accordingly we will reverse the conviction.

## I. Factual and Procedural Background

On May 10, 2005, Virgin Islands police received a complaint from José Marrero that defendant Ambrose Daniel had robbed him at gunpoint. Marrero claimed that the robbery took place at Daniel's residence when Marrero came to purchase a gold chain from Daniel. Police arrived at the apartment shortly after speaking with Marrero.

The police arrested Daniel and, after receiving a warrant, searched the apartment. During the search, the police found, among other items, a Glock nine-millimeter pistol (with a bullet in the chamber) and two extended magazines with rounds of ammunition.[1] Both the pistol and the ammunition were found in the kitchen stove, underneath the range top.

The United States subsequently charged Daniel in an eight-count indictment with numerous criminal violations of federal and Virgin Islands law. The alleged offenses included possession of a firearm during/and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count I);

---

[1]A magazine is a device used for storing and feeding ammunition. It may be inside or attached to a gun.

felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count II); felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count III); felon in possession of body armor, in violation of 18 U.S.C. § 931 (Count IV); possession of a machine gun during commission of a crime of violence, in violation of 14 V.I.C. § 2253(b) (Count V);[2] felon in possession of a machine gun, in violation of 14 V.I.C. § 2253 (Count VI); unlawful possession of ammunition, in violation of 14 V.I.C. § 2256 (Count VII); and robbery in the first degree, in violation of 14 V.I.C. § 1862 (Count VIII).

At trial, the prosecution and the defense offered disputing accounts of the series of events that gave rise to Daniel's arrest and indictment. Of relevance to this appeal, the jury heard testimony from Detective Marisol Colon that a Glock pistol and two extended magazines with live ammunition were found in the stove. Detective Colon also testified that the two magazines "were too long to fit" in the gun and that no magazine was inside the gun, but that there was a bullet in the chamber. Photographs of the weapon and the location where it was found were admitted as evidence.

Karen Stoutt, the Virgin Islands Police Department Supervisor of Firearms and records custodian for the Firearms License Department, testified that she performed a check to

[2]The court granted in part Daniel's motion for relief under Federal Rule of Criminal Procedure Rule 29 and dismissed Count V.

4

determine whether Daniel was licensed to possess a firearm and found that he never had been. No information as to whether Daniel was licensed or otherwise authorized to possess ammunition was presented. Nor did the government present any evidence as to how one could become authorized to possess ammunition.

Daniel's girlfriend, Nichole Albert, testified for the defense. Albert stated that she was visiting Daniel's apartment on May 10, 2005, when Marrero arrived. According to Albert, Marrero brought a gun with him in a black plastic bag, demanded money for the gun, placed the gun on the counter, and left. Albert testified that she left soon thereafter. Albert testified further that she had never seen Daniel with either the gun or the ammunition.

The court instructed the jury regarding the charge of unlawful possession of ammunition as follows:

> In order for the defendant to be found guilty of the charge alleged in Count 7, the government must prove two essential elements beyond a reasonable doubt: first, that the defendant, Ambrose Daniel, possessed, actually or constructively, ammunition on or about May 10th, 2005; and second, that the defendant was not licensed or otherwise authorized to possess the ammunition. . . . The phrase

5

'unless otherwise authorized by law' means that the defendant had no license nor other legal authority to possession [sic] ammunition.

The jury returned a verdict of acquittal on all charges, except for the unlawful possession of ammunition. Having been found guilty on that charge, Daniel was sentenced to a five-year term of imprisonment, with all but three years suspended, two years of supervised probation, and a $5,000 fine. The District Court denied Daniel's untimely post-verdict motion for judgment of acquittal under Federal Rule of Criminal Procedure Rule 29. Daniel now appeals, arguing that there was insufficient evidence to convict him of unlawful possession of ammunition.

## II. Discussion

We have jurisdiction over this appeal from a final judgment of the District Court pursuant to 28 U.S.C. § 1291. We exercise deference to the jury's verdict in reviewing a challenge to the sufficiency of the evidence. *United States v. Rosario*, 118 F.3d 160, 162-63 (3d Cir. 1997). "We must determine whether, viewing the evidence most favorably to the government, there is substantial evidence to support the jury's guilty verdict." *United States v. Idowu*, 157 F.3d 265, 268 (3d Cir. 1998) (internal quotations omitted). We must uphold the jury's verdict "if a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses." *Rosario*, 118 F.3d at 163 (internal quotations omitted).

6

Here the jury found Daniel guilty of unlawful possession of ammunition. The offense of unlawful possession of ammunition is set forth in section 2256 of Title 14 of the Virgin Islands Code, which provides, "Any person, who unless authorized by law, possesses, purchases, manufactures, advertises for sale or uses any firearm ammunition shall be guilty of a felony." 14 V.I.C. § 2256. To convict Daniel of violating this provision, the government had to prove (and the jury had to find beyond a reasonable doubt) that Daniel possessed ammunition and that he was unauthorized to possess such ammunition.

We find that there is insufficient evidence to support a conclusion that Daniel was unauthorized to possess ammunition. We are mindful that we must view the evidence in the light most favorable to the government, but here there is no evidence as to whether Daniel was authorized to possess ammunition.[3]

---

[3]As noted earlier, ammunition was found both outside the firearm (in the two extended magazines) and inside the firearm (one bullet in the chamber). It appears that the jury's conviction on the unlawful possession of ammunition charge was based on the ammunition outside the firearm, for the jury acquitted Daniel of unlawful possession of the firearm. Although the government argues to the contrary (contending that the jury could have found that Marrero left the gun at Daniel's apartment but that Daniel later loaded the bullet inside), it is reasonable to conclude that if Daniel did not possess the firearm, he did not possess the ammunition inside.

While Virgin Islands law criminalizes the possession of ammunition "unless authorized by law," 14 V.I.C. § 2256, it does not establish a licensing requirement for ammunition. Nor does it provide any specific procedure by which possession of ammunition may be licensed or otherwise authorized. Section 2253 of Title 14 of the Virgin Islands Code, which prohibits the unlawful possession of firearms, has been interpreted to provide that "unless otherwise authorized by law" means possession without a license. *United States v. McKie*, 112 F.3d 626, 630 (3d Cir. 1997) (quoting *Government of Virgin Islands v. Soto*, 718 F.2d 72, 80 (3d Cir. 1983) ("The gravamen of [14 V.I.C. § 2253] appears to have been the possession of *unlicensed* firearms, since the statute proscribes possession of firearms '*unless* otherwise authorized by law.' (emphasis added).")). Although Virgin Islands law does provide for the licensing of firearms, it does not provide for the licensing of ammunition. Given that there is no means to obtain a license for ammunition under Virgin Islands law, we cannot construe the clause "unless otherwise authorized by law" in section 2256 as meaning "unless possessing a license to possess ammunition."

The government, however, contends that, in order for an individual to possess ammunition lawfully, he must first obtain a firearms license. It is true, as the government points out, that, under Virgin Islands law, certain persons may lawfully possess a firearm "provided a license for such purpose has been issued by the [Police] Commissioner of the Virgin Islands ...." 23 V.I.C. § 454. Virgin Islands law in turn establishes specific requirements for obtaining such a license. *See, e.g.*, 23 V.I.C. § 455 (application for firearm license); § 456 (qualifications of applicant); § 457 (contents of license). It is also true that Virgin

8

Islands law prohibits a dealer in firearms or ammunition from selling ammunition to anyone without a firearms license. 23 V.I.C. § 466 ("No dealer in firearms or ammunition shall sell any quantity of ammunition to any person failing to present a firearm license.").

The government would have us infer from the licensing provisions cited above that, having shown that Daniel did not possess a firearms license, the government established beyond a reasonable doubt that his possession of ammunition was unlawful. However, we are loath to construe these provisions to create an offense relating to unlawful possession of ammunition not enunciated by the Virgin Islands legislature. *See*, *e.g.*, *United States v. Harriss*, 347 U.S. 612, 617 (1954) ("[N]o man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.").

We find no basis for combining the offense of unlawful possession of ammunition established by 14 V.I.C. § 2256 with the firearm licensing provisions set forth in Title 23. We recognize that ammunition is generally possessed for use in a firearm, but neither section 2256, nor any other statutory provision of which we are aware, makes lawful possession of ammunition contingent on having a firearms license. The firearm licensing requirements restrict the possession of firearms, not ammunition.

Similarly, the provision prohibiting dealers from selling ammunition to persons without a firearms license on its face restricts only the conduct of dealers with respect to ammunition. It in no way restricts an individual's possession of ammunition.

We can envision ways to acquire ammunition other than from a dealer. Moreover, we find nothing in the record suggesting that the jury was ever informed of the statutory prohibition of dealer sales of ammunition. That statute could not, therefore, have been the basis for the jury's guilty verdict.

The statutory provisions related to the licensing of firearms and dealer sales of ammunition, even combined, are insufficient to establish the offense of unlawful possession of ammunition as the government would construe it. To obtain a criminal conviction, the government must establish each element of the alleged offense beyond a reasonable doubt. In order to fulfill that requirement, the government cannot substitute proof of a lack of authorization to possess a firearm for the requisite proof of lack of authorization to possess ammunition – particularly in view of the fact there is no apparent way under Virgin Islands law to obtain permission to possess ammunition.

We will address one final argument made by the government, namely that Daniel failed to raise as an affirmative defense that he was authorized to possess a firearm under one of the exemptions to Section 2256.[4] We have previously

---

[4]Section 2256 provides that the restrictions on possession of ammunition do not apply to "law enforcement officials for use in their employment or in the exercise of their duties as defined by law." 14 V.I.C. § 2256(e). Virgin Islands law also provides that certain individuals (e.g., members of the United States Armed Forces, members of the Virgin Islands police force) may lawfully carry firearms. 23 V.I.C. § 453.

acknowledged that "requir[ing] the government to prove in each prosecution that none of the statutory exceptions to the firearm license requirement are satisfied . . . would conflict with our obligation to construe statutes sensibly and avoid constructions which yield absurd or unjust results." *United States v. McKie*, 112 F.3d 626, 630 (3d Cir. 1997) (holding that, notwithstanding that Virgin Islands law allows a twenty-four hour grace period in which a person bringing a firearm into the Virgin Islands to report such fact, the government is not required to prove that the defendant possessed a firearm for more than twenty-four hours because duration of possession is an affirmative defense). This analysis is inapposite to the present case, however. Authorization to possess ammunition is not an affirmative defense. As noted above, the government is required to prove the absence of authorization as an element of the offense of unlawful possession of ammunition. The government has failed to do so here.

## IV. <u>Conclusion</u>

Because the government failed to prove a requisite element of the offense of unlawful possession of ammunition, we are compelled to conclude that Daniel's conviction of that offense cannot stand. Accordingly, we will reverse the conviction.

11