

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2008

# Gov VI v. Gregory Turbe

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1692

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Gov VI v. Gregory Turbe" (2008). *2008 Decisions.* Paper 52.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/52

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1692
_____

GOVERNMENT OF VIRGIN ISLANDS

v.

GREGORY TURBE,
                              Appellant

On Appeal from the District Court
of the Virgin Islands - Appellate Division
(D.C. No. 04-cr-179-001)
District Judges: Raymond L. Finch and Curtis V. Gomez
_____

Argued December 9, 2008

Before:   FISHER, JORDAN and STAPLETON, *Circuit Judges*,

(Filed: December 23, 2008)
_____

Samuel H. Hall, Jr. [ARGUED]
Hall & Griffith
P.O. Box 305587
Charlotte Amalie, St. Thomas
Virgin Islands   00803
      *Counsel for Appellant*

Pamela R. Tepper   [ARGUED]
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindesens Gade, GERS Complet, 2nd Fl.
Charlotte Amalie, St. Thomas
Virgin Islands   00802
        *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Gregory Turbe challenges his jury conviction on charges of possession of an unlicensed firearm, in violation of 23 V.I.C. § 451(d) and 14 V.I.C. § 2253(a) (Count III), possession of ammunition, in violation of 14 V.I.C. § 2256(a) (Count IV), and possession of stolen property, in violation of 14 V.I.C. § 2101(a) (Count V).  As to all three convictions, he alleges that the Superior Court[1] erred in denying his motion for a mistrial based on prosecutorial misconduct and that his trial counsel was ineffective for failing to take adequate steps to prevent the presentation of harmful evidence to the jury.  In addition, Turbe argues that, in light of our recent decision in *United States v. Daniel*, 518 F.3d 205 (3d Cir. 2008), the government failed to provide sufficient evidence to support his conviction on the ammunition charge.

_____

[1]Turbe was tried in the Virgin Islands Territorial Court.  In 2004, however, all references to "Territorial Court" throughout the Virgin Islands Code were changed to "Superior Court."  2004 V.I. Sess. Laws 6687.  For consistency, we will refer to the trial court as the Superior Court.

For the following reasons, we will affirm Turbe's convictions on Counts III and V but reverse his conviction on Count IV.

I.      Background

On the evening of September 12, 2003, the Virgin Islands Police Department took Turbe into custody after receiving a complaint from Andrew Julien that Turbe had hit him in the head with a gun. It was later determined that the gun was loaded, was valued at about $850, and had been reported stolen about a year earlier. Following his arrest, Turbe was charged in a five-count information filed on September 24, 2003. In addition to the aforementioned counts, Turbe was charged with two counts of third degree assault, in violation of 14 V.I.C. § 297(2) (Counts I and II). Following a three-day trial in 2004, the jury acquitted Turbe of the assault charges but found him guilty of the remaining counts. Turbe was ultimately sentenced to 15 years' imprisonment on the firearm count (plus a $25,000 fine); 7 years' imprisonment on the ammunition count (plus a $10,000 fine); and 10 years' imprisonment on the stolen property count (plus a $7,000 fine), all of the sentences to be served concurrently.

Turbe appealed to the Appellate Division of the District Court of the Virgin Islands, which affirmed the convictions and sentences and dismissed his appeal insofar as it alleged ineffective assistance of counsel, preserving the latter claim for a collateral motion. This timely appeal followed.

II.    Discussion[2]

*A.  Denial of Motion for Mistrial*

Turbe argues on appeal that the prosecution engaged in misconduct at trial and that the Superior Court erred by not granting Turbe's motion for a mistrial following the alleged misconduct.  We review a trial court's denial of a mistrial for abuse of discretion, but we must first be convinced that the prosecution did in fact commit some misconduct. *United States v. Rivas*, 493 F.3d 131, 139 (3d Cir. 2007).

Turbe alleges that the prosecution asked Sergeant Dwayne DeGraffe, the arresting officer, improper questions and that Sergeant DeGraffe provided improper answers relating to an earlier and unrelated encounter between Turbe and the FBI.  At trial, Turbe testified on his own behalf and stated that he had told the police around the time of his arrest that he wanted to talk to the FBI.  On rebuttal, the prosecution asked Sergeant DeGraffe about Turbe's request:

> Q.    Now, Sergeant DeGraffe, at the time that you arrested Mr. Gregory Turbe, did he ask you to call the F.B.I. for him?
> A.    No, he didn't ask me to call the F.B.I. for him.  He said he was going to call the F.B.I.
> Q.    And did he so call them?
> A.    Not on his own, he didn't call them.  He just rambled about talking about calling the F.B.I. in reference to a case where guns were found in his house and bullet proof vests and stuff.

---

[2]The Appellate Division of the District Court of the Virgin Islands had jurisdiction over the judgment of the Superior Court pursuant to 48 U.S.C. § 1613a(a) and (d).  We have jurisdiction over final decisions of the Appellate Division pursuant to 48 U.S.C. § 1613a(c) and 28 U.S.C. § 1291.

4

Q. Were you present when those items were taken from his home?
A. Yes, I was.
Q. Do you recall what they were?
A. It had [sic] six guns and one or two bullet proof vests taken from his home.

(App. 412.) Turbe's counsel objected on the ground that the line of questioning was beyond the scope of Turbe's testimony.

We are convinced that this line of questioning was improper both for the reason given in defense counsel's objection and as being irrelevant to the charges in this case. The similarity between the allegation that Turbe unlawfully possessed six guns at his home and the allegation that he unlawfully possessed the stolen firearm at issue here makes the prosecutor's questions especially troubling. Nevertheless, we are persuaded that the trial judge acted within his discretion when he denied Turbe's motion for a mistrial. Following a brief conference with counsel outside of the jury's presence, the judge instructed the jury "not [to] consider anything that Sergeant DeGraffe said beyond when he said ... that the defendant said he will call the F.B.I.," and then explicitly struck from the record "anything that Sergeant DeGraffe said after that that concerns finding anything in the defendant's home or anything to do with guns or what not." (App. 422-23.) Those steps were adequate here, in part because the episode was brief and immediately addressed by the court. *Compare United States v. Morena*, 547 F.3d 191, 194 (3d Cir. 2008) (ordering new trial where "time and again, the government introduced prejudicial drug evidence with no proper purpose").

In addition, Turbe himself had already made a series of remarkably damning admissions to the jury, including that he had previously used a firearm during a robbery, that he had previously been incarcerated for a robbery conviction, that he possessed cocaine at the time of his arrest because he was a drug dealer, that he smoked about 15 joints of marijuana a day, including the day of his arrest, and that he had no intention of turning over the gun to the police prior to his arrest. Most importantly, the uncontested evidence presented to the jury—that Turbe possessed the loaded firearm, that he was not licensed to carry it, and that it was stolen property worth more than $100—was overwhelming and untethered to Turbe's credibility. While Turbe did try to persuade the jury that he only possessed the gun because a youth had handed it to him and he wanted to get it out of his neighborhood, he did not contest the central factual arguments leading to his convictions.[3] Thus, the misconduct here was harmless, and, under these particular facts, the judge was within his discretion in deciding not to declare a mistrial.

B.      *Unlawful Possession of Ammunition*

As to the ammunition count, Turbe makes the additional argument that the government failed to adduce sufficient evidence to sustain that charge. We apply a

---

[3]Even if the jury had believed Turbe's argument that he was given the gun immediately prior to his arrest, it has dubious legal significance because of his testimony that he had no intention of turning it over to the police. See 23 V.I.C. § 470(a) ("Any person ... who ... obtains any firearms or ammunition from any source ... shall report such fact in writing or in person to the Commissioner immediately after receipt of the firearm or ammunition ... .").

particularly deferential standard of review to arguments based on sufficiency of the evidence: we must view the evidence in the light most favorable to the government, and we will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Kellogg*, 510 F.3d 188, 202 (3d Cir. 2007). To succeed on the ammunition count, the government was required to prove, as an element of the offense, that Turbe was not "authorized by law" to possess firearm ammunition. 14 V.I.C. § 2256(a); *United States v. Daniel*, 518 F.3d at 209.

In *Daniel*, we reversed the defendant's conviction under section 2256(a) after holding that the government's evidence, which consisted of the defendant's lack of a firearm license, was insufficient to prove that a defendant was unauthorized to possess ammunition. *Id.* At Turbe's trial, which occurred before our decision in *Daniel*, the prosecution similarly relied only on Turbe's lack of a firearm license to support its possession of ammunition charge. Given our holding in *Daniel*, we are bound to say that the evidence here is likewise insufficient to sustain Turbe's conviction on the ammunition count.

The government argues on appeal that Turbe's status as a convicted felon was sufficient to show that he was unauthorized to possess ammunition. But, as the government all but conceded at oral argument, it has no legal basis to support that contention. Indeed, the defendant in *Daniel* also appeared to have been convicted of a prior felony. *See id.* at 206 (noting charges included felon in possession of a firearm, in

7

violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2)). Additionally, while *Daniel* may be factually distinguishable on the ground that the defendant in that case was convicted for ammunition found separate and apart from the unlicensed firearm, we can discern no legal distinction in that factual difference. As in *Daniel*, there was no indication at the time of Turbe's arrest that the Virgin Islands legislature had defined a type of ammunition possession that was presumptively unauthorized. *See id.* at 208 ("[W]e are loath to construe [the firearm licensing] provisions to create an offense relating to unlawful possession of ammunition not enunciated by the Virgin Islands legislature."). Although the legislature has since enacted a statute that prevents a felon from obtaining a license to possess or carry ammunition, *see* 23 V.I.C. § 456a, that law was not enacted until 2005, nearly two years after Turbe's arrest. 2005 V.I. Sess. Laws 6730 § 29.[4]

III. Conclusion

For the foregoing reasons, we will affirm Turbe's convictions for possession of an unlicensed firearm and for possession of stolen property, but we will reverse his conviction for possession of ammunition. Because all three of the sentences imposed by the Superior Court arose from the same criminal transaction, we will vacate Turbe's sentence as to Counts III and V and remand to the Appellate Division of the District Court with directions to remand to the Superior Court for resentencing on those counts.

---

[4]We commend the candor of the government's counsel in acknowledging at argument the timing of the enactment.

*See United States v. Levy*, 865 F.2d 551, 559 n.5 (3d Cir. 1989) ("[W]here the sentences imposed on two of the three counts are vacated and all three sentences arise from the same criminal transaction, it is appropriate to vacate the third, valid sentence in order to afford the trial judge an opportunity to properly exercise his sentencing discretion ... ." (citations omitted)).[5]

---

[5]It would be inappropriate for us to decide the merits of Turbe's ineffective assistance of counsel claim at this time. *See United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991) ("[T]he proper avenue for pursuing [ineffective assistance of counsel claims] is through a collateral proceeding in which the factual basis for the claim may be developed." (citation omitted)). We therefore will dismiss that portion of his appeal.