Government of the VIRGIN ISLANDS

v.

Wilbert SMITH, Appellant.

No. 08–3421.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Dec. 3, 2009.

Filed: Jan. 29, 2010.

Matthew C. Phelan, Esq., Office of Attorney General of Virgin Islands Department of Justice Charlotte Amalie, St. Thomas, VI, for Government of the Virgin Islands.

Kele Onyejekwe, Esq., Debra S. Watlington, Esq., Office of the Superior Court Public Defender, St. Thomas, VI, for Appellant.

Before: McKEE, FUENTES, and NYGAARD, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviat-

ed recitation to explain why we will affirm the judgment of conviction and sentence of the District Court.

Wilbert Smith, appellant, was convicted of Robbery in the First Degree, Possession of a Firearm during the Commission of a Crime of Violence (3 counts), Assault in the First Degree, Assault in the Third Degree, and Possession of Ammunition. He was sentenced to a concurrent sentence of fifteen years imprisonment and fined $35,000. The District Court, Appellate Division, upheld the conviction.

■ Smith first argues on appeal that the prosecution violated *Doyle v. Ohio* by using his post *Miranda* silence against him at trial. 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). The prosecutor asked the arresting officer:

Q.... [W]hile you were out there on the scene did you advise Mr. Smith of his Miranda rights?

A. Yes, on the scene he was advised of his rights.

Q. Did he tell you anything?

A. He didn't speak. He didn't say anything at all.

The prosecutor then stated: "Thank you, Your Honor. We pass the witness." Because Smith did not raise this issue prior to this appeal, we review for plain error. *Government of Virgin Islands v. Rosa,* 399 F.3d 283 (3d Cir.2005).

The Supreme Court in *Doyle* stated that "it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial." *Doyle,* 426 U.S. at 617–18, 96 S.Ct. 2240. The question, therefore, is whether the record evinces the prosecution's advantageous use of Smith's silence to draw a negative inference against him. *See Government of Virgin Islands v. Davis,* 561 F.3d 159, 164 (3d Cir.2009).

We find no such evidence here. We refuse to remake *Doyle,* as Smith requests, into a *per se* rule that regards any reference to a defendant's *Miranda* rights as a violation of due process rights.

Next, Williams argues that the government failed to prove that Smith committed a a robbery. Robbery is "the unlawful taking of personal property in the possession of another from his person or immediate presence and against his will by means of force or fear." 14 V.I.C. 1861. Smith claims that there is not evidence of a taking "from [the victim's] person or immediate presence."

■ This element of the statute has not been addressed in a precedential opinion by the courts of the Virgin Islands. We have, however, had opportunity to comment on similar language in a federal carjacking statute. There we stated that "from the person or presence of another" meant that the object was within his "reach, observation, or control, that he could if not overcome by violence or prevented by fear, retain his possession of it." *United States v. Lopez,* 271 F.3d 472, 486 (3d Cir.2001). The critical nexus in this analysis is fear of or an actual threat of violence that causes the victim to relinquish control of his property. In this case, Smith admits to alluding to money that the victim was carrying in his backpack, brandishing a weapon, chasing the victim, and picking up the backpack dropped by the victim while fleeing. This, in our view, is substantial evidence of both Smith's intent to commit robbery, and robbery from the victim's person or immediate presence.

Smith then argues that first degree robbery under 14 V.I.C. § 1862 is not a dangerous crime under 23 V.I.C. § 451(e) because the later statute refers only to "robbery," rather than "robbery in the

first degree." This argument is utterly meritless.

Smith also asserts that there was insufficient evidence to convict him of Robbery in the First Degree, Assault, or Possession of a Firearm During the Commission of a Crime of Violence. Beyond his arguments, addressed above, that one element of robbery was not satisfied, and that robbery is not a crime of violence, Smith adds that the victim's eyewitness testimony is insufficient to convict him. Smith is wrong on this point. We also note that there were multiple persons who testified to seeing Smith with a gun drawn chasing the victim. They also testified to Smith's efforts to dispose of the gun as police approached. Additionally, evidence of the subject gun was introduced, along with evidence of compatible cartridges found in his vehicle. Finally, the record reveals that police found the victim's opened backpack in Smith's car. While Smith proffered witnesses to provide an alibi, their credibility was impugned. We therefore find that a jury could reasonably convict Smith of First Degree Robbery on this evidence.

Smith next raises the issue of ineffective assistance of counsel. We take no position on Smith's claim as we generally do not review such Sixth Amendment claims on direct appeal. *United States v. Olfano*, 503 F.3d 240, 246 (3d Cir.2007). The record here is insufficient for us to determine that issue.

For all of these reasons, we will affirm the judgement of conviction and sentence on charges of Robbery in the First Degree, Possession of a Firearm during the Commission of a Crime of Violence (3 counts), Assault in the First Degree, and Assault in the Third Degree.

■ Finally, as the government acknowledged, Smith's conviction on possession of ammunition, pursuant to 14 V.I.C.

§ 2256, is error. As there is no means of obtaining a license to possess ammunition, it is impossible for the government to substantiate the requisite proof of lack of authorization. *See United States v. Daniel*, 518 F.3d 205, 209 (3d Cir.2008). Therefore, we will vacate the conviction under 14 V.I.C. § 2256.