**CLAYTON BROWN, JR., Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Crim. No. 2007-0063

Supreme Court of the Virgin Islands

May 25, 2011

■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■

HARRIS R. ANGELL, JR., ESQ., St. Thomas, USVI, *Attorney for Appellant.*

MATTHEW C. PHELAN, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and WILLOCKS, *Designated Justice.*[1]

## OPINION OF THE COURT

(May 25, 2011)

HODGE, C.J. Appellant Clayton Brown, Jr. requests that this Court reverse the Superior Court's March 30, 2007 Judgment, which found him guilty of attempted murder, first degree assault, two counts of using an unlicensed firearm during a crime of violence, and possession of ammunition. As explained below, we reverse Brown's conviction for possession of ammunition because the People of the Virgin Islands failed to introduce sufficient evidence to prove that crime beyond a reasonable doubt, affirm the March 30, 2007 Judgment with respect to Brown's other convictions, and remand the matter to the Superior Court for resentencing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 21, 2004, the People filed an Information in the Superior Court charging Brown with several offenses stemming from the November 26, 2003 shooting of Derrick Parker. A Superior Court judge issued a warrant for Brown's arrest on November 21, 2004, and Brown was brought before a different Superior Court judge on November 22, 2004, for the preliminary appearance required by Superior Court Rule 123(b). Brown was remanded to the custody of the Bureau of Corrections after he was unable to post the $100,000.00 bail set at the November 22, 2004 hearing, and Brown remained incarcerated throughout the Superior Court proceedings.

---

[1] Associate Justice Ive Arlington Swan has been recused from this matter. Harold W.L. Willocks, a Judge of the Superior Court, sits in his place by designation pursuant to title 4, section 24(a) of the Virgin Islands Code.

■ On December 16, 2005, Brown, through his counsel — the Office of the Territorial Public Defender — filed a motion to dismiss the Information because Brown's Sixth Amendment right to a speedy trial had purportedly been violated, which the Superior Court denied in a May 31, 2006 Order. In addition, Brown filed at least two *pro se* letters[2] with the Superior Court that also alleged various errors. Finally, after considering various other motions, the Superior Court held Brown's trial on November 9, 2006, which resulted in the jury convicting Brown of all five counts. The Superior Court orally sentenced Brown on March 20, 2007 and entered its written Judgment on March 30, 2007. Brown timely filed his notice of appeal on March 28, 2007.[3]

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees[,] or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4 § 32(a). Since the

---

[2] The Joint Appendix in this matter contains two *pro se* letters that Brown sent to the trial judge, neither of which has a Superior Court date stamp and neither of which was ever entered on the Superior Court's docket. The first letter, which is captioned "Constitutional Complaint," alleged that he was never advised of his rights at the November 22, 2004 hearing, contended that the record of proceedings for the November 22, 2004 hearing was inaccurate, and stated that his arrest warrant was not made in good faith. The second letter, which contains no caption, renewed the objection to the November 22, 2004 hearing and asserted a speedy trial violation. The Joint Appendix also contains a February 27, 2006 response from the trial judge's law clerk to Brown's second letter, which states that letter was received by the trial judge on January 17, 2006. But, the February 27, 2006 response — which is itself not part of the Superior Court's docket — does not reference Brown's "Constitutional Complaint."

[3] In their brief, the People contend that this Court should dismiss Brown's appeal as untimely. This Court, however, already resolved the issue of the timeliness of this appeal in our September 27, 2010 Opinion. *See Brown v. People*, S. Ct. Crim. No. 2007-0063, 2010 V.I. Supreme LEXIS 74 (V.I. Sept. 27, 2010). Importantly, because the People failed to file any documents with this Court in response to our September 1, 2010 Order, Brown's September 15, 2010 Response, or this Court's September 27, 2010 Opinion, the People have waived any arguments with respect to both the timeliness issue and the correctness of the September 27, 2010 Opinion. *See Vazquez v. Vazquez*, 54 V.I. 485, 490 (V.I. 2010) (holding that an appellee who fails to file any documents in response to timeliness show cause order or order deeming appeal timely may not re-litigate issue of timeliness in appellate brief because a timely notice of appeal is a claims-processing rule rather than a jurisdictional requirement).

March 30, 2007 Judgment constitutes a final judgment, this Court possesses jurisdiction over Brown's appeal.

Ordinarily, the standard of review for this Court's examination of the Superior Court's application of law is plenary, while the Superior Court's factual findings are only reviewed for clear error. *See St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). Nevertheless, when a criminal defendant fails to object to a Superior Court decision or order — as was the case here — this Court only reviews for plain error, provided that the challenge has been forfeited rather than waived. *Francis v. People*, 52 V.I. 381, 390-91 & n.5 (V.I. 2009). For this Court to reverse the Superior Court under the plain error standard of review, "there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.' " *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 1549, 137 L. Ed. 2d 718 (1997)). However, even "[i]f all three conditions are met," this Court may reverse the Superior Court "only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.*

## B. The Evidence is Insufficient to Sustain Brown's Conviction for Possession of Ammunition

For his first issue on appeal, Brown contends that this Court should reverse his conviction for possession of ammunition because the People failed to introduce sufficient evidence to prove, beyond a reasonable doubt, that he lacked authorization to possess ammunition. Since Brown did not raise this argument at trial, this Court reviews this issue under the plain error standard of review. *See Farrell v. People*, 54 V.I. 600 (V.I. 2011).

■ As Brown correctly notes, this Court has recently observed that, although "Virgin Islands law proscribes possession of ammunition without authorization . . . it does not establish a mechanism for authorizing possession of ammunition." *Smith v. People*, 51 V.I. 396, 402 (V.I. 2009) (citing *United States v. Daniel*, 518 F.3d 205, 208, 49 V.I. 1169 (3d Cir. 2008)); *see also Mulley v. People*, 51 V.I. 404, 410 (V.I. 2009) (same). Significantly, "[w]ithout any such mechanism . . . the People

could not show that [Brown] was not authorized to possess ammunition."[4] *Smith*, 51 V.I. at 402 (citing *Daniel*, 518 F.3d at 208-09). Moreover, the People concede in their brief that under these precedents, Brown's conviction on this count cannot stand. Accordingly, we find that Brown's conviction for possession of ammunition requires reversal even under the plain error standard of review.

## C. The Superior Court's Failure to Advise Brown of his Rights is Harmless

On appeal, Brown also renews his claim that the Superior Court improperly conducted the November 22, 2004 hearing by failing to advise him of his rights. Superior Court Rule 123, which governs advice of rights hearings, provides, in pertinent part, as follows:

> (b) Appearance; Determination of Probable Cause; Advice of Rights; Preliminary Bail. When an arrest is made, whether with or without a warrant, the arrested person shall be brought, without unnecessary delay, to the next scheduled Initial Appearance Hearing. Where the arrest is made without a warrant, a complaint must be filed prior to the next scheduled Initial Appearance.
>
> . . . .
>
> 3. Advice of Rights. If probable cause is found, the court shall inform the defendant of the complaint against him and advise the accused of his rights, including the following:
>
> (i) The right to remain silent and that if a voluntary statement is made, it could be used against the accused;
> (ii) the right to counsel;
> (iii) if unable to hire a lawyer, one would be provided without cost if the affidavit by the accused or his parents, etc., satisfies the court of his need;
> (iv) the right to consult with a lawyer before answering any questions and to have the lawyer present during any questioning;

---

[4] The statute, 14 V.I.C. § 2256, was amended on August 29, 2010 by Act No. 7182 to address this deficiency.

(v) if he is willing to make a statement, he has a right to stop at any time he wishes;

(vi) he has the right to bail; and

(vii) he has the right to obtain the court's assistance in serving witnesses on his behalf.

SUPER. CT. R. 123(b)(3). Since Brown, through his *pro se* filings, raised this issue in the Superior Court, the harmless error standard of review applies.

■ Here, the transcript of the November 22, 2004 hearing — which is only two pages long — clearly reflects that the Superior Court failed to conduct the hearing in compliance with Superior Court Rule 123. As Brown correctly noted in his *pro se* letters, the Superior Court failed to advise him of any of the rights enumerated in Superior Court Rule 123(b)(3)(i)-(vii). Rather, the Superior Court merely determined that probable cause had already been found when a judge had signed the arrest warrant, set bail, and scheduled Brown's arraignment.

Nevertheless, as the People correctly note in its brief, Brown has failed to demonstrate any injury, harm, or prejudice from the failure of the Superior Court to advise him of his rights. Notably, Brown was represented by counsel at the November 22, 2004 hearing, and neither Brown's brief nor the record contains any indication that Brown made any incriminating statements due to not being advised of his right to remain silent or any of the other rights set forth in Superior Court Rule 123(b)(3)(i)-(vii). Accordingly, the Superior Court's failure to advise Brown of his rights as mandated by Superior Court Rule 123 represents a harmless error that does not provide grounds for reversing Brown's convictions. *See Brito v. People*, 54 V.I. 433, 443 (V.I. 2010) (Superior Court's error in not advising defendant of his right to appeal was harmless when defendant timely filed notice of appeal and could not point to any effect on substantial rights).

### D. Brown's Sixth Amendment Right to a Speedy Trial Was Not Violated

In his appellate brief, Brown also renews his argument that the Superior Court should have dismissed all counts of the Information because his right to a speedy trial under the Sixth Amendment had been

violated,[5] and that the May 31, 2006 Order denying his December 16, 2005 motion to dismiss constituted error. As a threshold matter, however, this Court notes that Brown has set forth no legal argument in support of reversal, and — in fact — cites to no case law at all in his brief with respect to this issue. Despite the People's request that this Court not consider this issue and deem it waived, this Court shall — in the interests of justice — reach this issue on the merits because the Joint Appendix contains a copy of Brown's motion to dismiss, which does contain citations to pertinent case law.

█ The United States Supreme Court has held that violations of the Sixth Amendment right to a speedy trial are governed by a balancing test that requires the Superior Court to consider four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192, 33 L. Ed. 2d 101 (1972). In *Doggett v. United States*, 505 U.S. 647, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992), the United States Supreme Court clarified that the length of delay is a "trigger" that, if found to be "presumptively prejudicial," requires a court to consider and weigh the remaining three *Barker* factors. *Id*. at 652-53, 112 S. Ct. at 2691. Given that the delay alleged in the December 16, 2005 motion to dismiss was greater than one year, the Superior Court correctly proceeded to examine the remaining factors. *Id*. at 652 n.1, 112 S. Ct. at 2691 n.1 (stating that a "postaccusation delay" is "presumptively prejudicial" if "it approaches one year").

██ In his December 16, 2005 motion to dismiss, Brown argued that he asserted his right to a speedy trial and that, at the time of the motion, he had been incarcerated for one year and was not responsible for any of the delays in proceeding to trial. In its brief, however, the People do not discuss any of the events that occurred prior to the Superior Court's May 31, 2006 denial of Brown's motion, but only focus upon the delay that occurred after the Superior Court's May 31, 2006 Order, which the People

---

[5] The Sixth Amendment of the United States Constitution applies to the Virgin Islands. *See* The Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, *reprinted* in V.I. CODE ANN., His- torical Documents, Organic Acts, and U.S. Constitution at 86-88 (1995) (preceding V.I. CODE ANN. tit. 1) ("The following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands . . . and shall have the same force and effect there as in the United States . . . the first to ninth amendments inclusive. . . .").

contend was attributable to Brown.[6] But it is not necessary for us to determine whether the delay — if any — attributable to Brown after May 31, 2006 renders any prior delays harmless because the Superior Court did not err when it denied Brown's December 16, 2005 motion to dismiss. As the Superior Court correctly recognized, the United States Supreme Court instructed in *Barker* that prejudice to the defendant is the most important factor, and Brown — both in his motion to dismiss and in his appellate brief — has failed to identify any prejudice other than that stemming from his pre-trial incarceration, which, given the length of the delay, only slightly weighs in favor of dismissal. *See Doggett*, 505 U.S. at 657, 112 S. Ct. at 2694 ("[T]o warrant granting relief, negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice."); *Barker*, 407 U.S. at 534, 92 S. Ct. at 2194 (finding that "prejudice was minimal" because even though the defendant "liv[ed] for over four years under a cloud of suspicion and anxiety" and "spen[t] 10 months in jail before trial . . . there is no claim that any . . . witnesses died or otherwise became unavailable owing to the delay."). Moreover, the Superior Court also observed that part of the delay could be attributed to the turnover of attorneys representing Brown during this period. Therefore, although Brown did assert his right to a speedy trial and there were some delays — such as a re-assignment of judges — which were attributable to the government,[7] we hold that the Superior Court did not err in finding that the Barker factors, when weighed and balanced, did not justify dismissal of the information.

## E. Failure to Merge Attempted Murder and Assault Convictions

Finally, Brown contends that the Superior Court erred when it failed to merge his conviction for first degree assault with his conviction for

---

[6] As the People correctly note, the Superior Court entered a scheduling order on the same day it denied Brown's motion to dismiss, but Brown's counsel filed a motion for a continuance on October 11, 2006, which caused jury selection for Brown's trial to be delayed until January 8, 2007. However, given that Brown's appellate brief only challenges — albeit in a highly cursory fashion — the May 31, 2006 denial of his December 16, 2005 motion to dismiss, this Court declines to *sua sponte* consider the impact of any delays which occurred between May 31, 2006 and October 11, 2006.

[7] For purposes of the *Barker* test, delays caused by the Superior Court are attributed to the government. *See Burkett v. Fulcomer*, 951 F.2d 1431, 1440 (3d Cir. 1991).

attempted murder. According to Brown, merger of these offenses is appropriate because first degree assault is a lesser included offense for first degree murder. Moreover, Brown contends that if merger of those offenses is appropriate, then Brown's convictions for using a firearm during the commission of attempted murder and using a firearm during the commission of a first degree assault should also be merged for the same reason. The People, however, contend that this Court need not reach this issue because the Superior Court imposed concurrent sentences upon Brown for all of these counts, and thus the error — if any — could not have violated Brown's substantial rights under the plain error standard of review, which applies due to Brown's failure to raise this issue before the Superior Court.

██ ██ We agree with the People that it is not necessary for this Court to decide whether first degree assault is a lesser included offense of attempted murder because Brown cannot meet the third prong of the plain error test, which is that the error — if any — affects substantial rights. As the United States Court of Appeals for the Third Circuit observed in a similar case,

> We find it unnecessary in this case to decide whether the district court committed an error in entering judgments of conviction and imposing sentences on both offenses. Assuming for the sake of argument that the district court erred, we conclude that the other prongs of the test under Rule 52(b) are not met. The sentences imposed . . . for making false returns are concurrent to their sentences for tax evasion, and thus the former sentences do not increase the length of their incarceration. The only immediate practical effects of the concurrent sentences on the § 7206(1) counts are special assessments totaling $700 for each defendant. Recently, in *United States v. Roberts*, 262 F.3d 286, 292-94 (4th Cir. 2001), the court held that concurrent sentences and small special assessments were insufficient to show that the defendants' substantial rights had been affected by an alleged error and did not provide an adequate basis for the court, in the exercise of its discretion, to notice an error under Rule 52(b). We reach the same conclusion here.

*United States v. Gricco*, 277 F.3d 339, 351 (3d Cir. 2002). Here, the Superior Court's sentence for both the attempted murder and first degree assault counts was fifteen years, and its sentence for each of the counts charging use

505

of a firearm during the commission of a crime of violence was fifteen years and a $25,000.00 fine. Importantly, the Superior Court expressly stated that the sentence for all four of these offenses would be concurrent.[8] Accordingly, even if this Court were to assume without deciding that the Superior Court should have merged these offenses, the error — if any — does not warrant reversal under the plain error standard of review.

### F. The Superior Court Imposed an Illegal Split Sentence

■ Finally, although not raised as an issue on appeal, we cannot ignore that the portion of Brown's sentence imposing two years of probation fails to comply with the mandates of section 3711(a) of title 5 of the Virgin Islands Code, or this Court's past precedents. "Section 3711 . . . provides that when the maximum punishment exceeds six months for a particular offense, the court may impose a sentence in excess of six months . . . provide[d] that the defendant remain in confinement for a period not exceeding six months with the execution of the remainder of the sentence suspended and the defendant placed on probation for such period . . . .": *Gov't of the V.I. v. Martinez*, 239 F.3d 293, 297 (3d Cir. 2001); *accord St. Louis v. People*, S. Ct. Crim. No. 2007-0086, 2008 V.I. Supreme LEXIS 40, *10 (V.I. Oct. 10, 2008) (unpublished). Importantly, "a split sentence that imposes probation without suspending a portion of the sentence is illegal." *Martinez*, 239 F.3d at 297.

■ ■ In this case, the Superior Court's March 30, 2007 Judgment states that Brown is being sentenced to fifteen years incarceration, and to two years of probation. However, at no point does the March 30, 2007 Judgment suspend any portion of Brown's incarcerative sentence. Thus, the sentence imposed by the Superior Court is illegal, and — consistent with this Court's prior precedents — this error requires reversal under the plain error standard of review. *See Dunlop v. People*, S. Ct. Crim.

---

[8] We note that it is somewhat ambiguous whether the Superior Court intended to impose one $25,000.00 concurrent fine for both counts of using a firearm during the commission of a crime of violence, or merely intended to impose separate $25,000.00 fines for each offense. However, as this Court has previously held, a fine is part of the sentence for an offense. *See Murrell v. People*, 54 V.I. 338, 349 (V.I. 2010). Thus, given that the March 30, 2007 Judgment expressly states that the sentences for these offenses shall be concurrent, we find that — regardless of the Superior Court's intentions — the plain language of the judgment and this Court's holding in *Murrell* require us to interpret the judgment as imposing one concurrent $25,000.00 fine.

No. 2008-037, 2009 V.I. Supreme LEXIS 41, *20 n.10 (V.I. Sept. 15, 2009) (unpublished) ("[A]ppellate courts have consistently held that illegal sentences, by their very nature, fulfill the requirements of the plain error test in that they both affect a criminal defendant's substantial rights and seriously affect the fairness, integrity or public reputation of judicial proceedings." (citations and internal quotation marks omitted).) Accordingly, we vacate Brown's sentence and remand this matter to the Superior Court so that it may impose a lawful sentence.

## III. CONCLUSION

Since Virgin Islands law at the time of Brown's conviction did not establish a mechanism for receiving authorization to possess ammunition, the People failed to introduce sufficient evidence to convict Brown for unauthorized possession of ammunition. The other errors alleged by Brown, however, are insufficient to warrant reversal, because (1) the Superior Court's failure to advise Brown of his rights constituted harmless error; (2) the Superior Court did not err when it denied Brown's motion to dismiss pursuant to the Sixth Amendment right to a speedy trial; and (3) Brown has failed to establish that the alleged multiplicity affected any of his substantial rights. Nevertheless, because the Superior Court imposed an illegal sentence when it sentenced Brown to two years of probation without suspending any portion of his incarcerative sentence, we vacate Brown's sentence and remand the matter to the Superior Court to issue a new sentence that complies with Section 3711 of Title 5. Consequently, we reverse Brown's conviction for unauthorized possession of ammunition and affirm the March 30, 2007 Judgment with respect to all other offenses, but vacate Brown's sentence and remand this matter to the Superior Court for re-sentencing.