THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY SUTHERLAND, HYMIE BAKER and JESSIE SHANKS, Defendants.

County Court, Kings County, March 24, 1943.

*Philip J. Jones* for defendants.

*Thomas Cradock Hughes, Acting District Attorney (Frank Di Lalla* of counsel), for plaintiff.

BRANCATO, J. When the defendants came on for trial in another part of this court upon an indictment charging grand larceny, second degree, the case was marked off the Trial Calendar and adjourned *sine die* on motion of the District Attorney. Before its restoration for trial, however, the District Attorney procured a superseding indictment which contained two additional counts charging criminally receiving stolen property. It was upon this indictment that the defendants were convicted by the verdict of a jury after trial and now move in arrest of judgment. This motion must be denied.

We cannot agree with the defendants' contention that the superseding indictment was a nullity because it was obtained

by the District Attorney without having first received permission from the court to resubmit the case to the grand jury. An order for resubmission is required after the original indictment is set aside by the court on motion (Code Crim. Pro. §§ 313, 317), or upon demurrer (§§ 323, 327), or when the grand jury fails to indict (§ 270), or when the court discharges the jury pursuant to the provisions of section 400 of the Code of Criminal Procedure.

An order granting leave to resubmit, however, is not necessary when the original indictment is not dismissed or set aside but is superseded only. (Code Crim. Pro. § 292-a; *People* v. *Rosenthal,* 197 N. Y. 394, 401.)

Motion denied.