Benjamin Gassman, P. ,1.
The defendant demurrs to the five superseding informations filed herein on April 24, 1958. Three of them charge defendant with violations of the Sanitary Code of the City of New York, and two of them charge the defendant with violations of the Multiple Dwelling Law.
The grounds of the demurrers are: (1) That this court never acquired jurisdiction of the subject matter or the person of the defendant, because there was no compliance with sections 145 to 150 of the Code of Criminal Procedure; and (2, 3, and 4) that the information in each case is legally insufficient.
The original five informations were filed as follows: three in 1954, charging violations 'alleged to have occurred on June 16, 1954; one in 1955, charging a violation of the Multiple Dwelling Law on July 20, 1955, and one in 1957, charging a violation of the Multiple Dwelling Law on August 27, 1956. The papers on file indicate that in May, 1957, the defendant moved to dismiss the three 1954 informations and the 1955 information on the ground of lack of jurisdiction, and that said motions were denied on May 9,1957. Each of the said four informations, as well as the 1957 information were filed in accordance with the provisions of sections 742 and 743 of the Code of Criminal Procedure. Accordingly, the demurrers on jurisdictional grounds are disallowed.
With respect to the remaining three grounds set forth in the demurrers, the papers on file indicate that the defendant has heretofore on November 12, 1957, demurred to the said original informations on the same grounds and that the said demurrers were disallowed on November 14, 1957. Thus, the only question presented at this time is whether the superseding informations contain less than the original informations. We examined the superseding informations and hold that they set forth a detailed *379 statement of the acts constituting the crimes charged and that they are sufficient in law. Unlike the information which was before this court in People v. Schildhaus (10 Misc 2d 641) the superseding informations here set forth in detail “ the particular acts constituting the violations charged ’ ’. Accordingly, the demurrers on the last-mentioned three grounds are likewise disallowed.
The defendant, however, in his brief, raises two additional points. He contends (1) that the superseding informations were filed without warrant in law, and (2) that the Statute of Limitations is a bar to the said superseding informations.
The defendant contends that the superseding informations “ were filed without leave or without an order of the Court He urges that the District Attorney had no authority to file such superseding informations without having first resubmitted the complaints to a City Magistrate or to a Grand Jury. This contention is overruled. A superseding information does not initiate a proceeding, it merely continues one that has already been initiated. It is based upon the depositions taken before a City Magistrate in each case and upon returns filed by such City Magistrate pursuant to section 221 of the Code of Criminal Procedure. The word “ supersede ” is defined as “to take the place of, to make void by superior power or by coming in the place of (Webster’s Universal Dictionary.) The definition of “ supersede ” is “‘To take the place of as by reason of superior worth, appropriateness, efficiency, or right ’ ”. (People v. Formiscio, 39 N. Y. S. 2d 149, 156; People ex rel. Traino v. Slattery, 179 Misc. 206.)
While there is no specific provision in the Criminal Code referring directly to the procedure governing the filing of superseding informations, once the Court of Special Sessions has acquired jurisdiction of the defendant and of the matter by the return made by a City Magistrate, there is implicit in the law the right to file a superseding information amplifying the charges contained in the original information, so long as they are within the original complaint filed with the City Magistrate. The argument of the defendant that the superseding informations are invalid because they were not filed pursuant to any order of the court, has no basis in law. In People v. Sutherland (179 Misc. 1020) the court said: “We cannot agree with the defendants’ contention that the superseding indictment was a nullity because it was obtained by the District Attorney without having first received permission from the court to resubmit the case to the grand jury. An order for resubmission is required *380 after the original indictment is set aside by the court on motion (Code Crim. Pro. §§ 313, 317) or upon demurrer (§§ 323, 327), or when the grand jury fails to indict (§ 270), or when the court discharges the jury pursuant to the provisions of section 400 of the Code of Criminal Procedure. An order granting leave to resubmit, however, is not necessary when the original indictment is not dismissed or set aside but is superseded only. (Code Crim. Pro. § 292-a; People v. Rosenthal, 197 N. Y. 394, 401.) ” Similarly, in People v. Benson (208 Misc. 138, 148) the court said: “ Both at common law and under the interpretation given to section 292-a of the Code of Criminal Procedure, a superseding indictment can be obtained without an order of the court as often as the District Attorney may choose. And, it makes no difference whatsoever whether the superseding indictment corrects a factual or leg’al defect in ,the first indictment ”.
At the time the superseding informations were filed here, the original informations were still pending. They were not dismissed or set aside. The papers indicate that the superseding informations were filed on April 14,1958, and that subsequently, on October 28, 1958, the original informations were set aside and the defendant was required to plead to the superseding informations. That action was taken under section 292-a of the Code of Criminal Procedure which provides that “ If there be at any time pending against the same defendant, two indictments for the same offense; or two indictments for the same matter, although charged as different offenses, the indictment first found, shall be deemed to be superseded by such second indictment, and shall be set aside ”, and it was held that this section applies to informations filed in the Court of Special Sessions in the City of New York. (People v. Spevak, 253 App. Div. 683, mod. on other grounds 278 N. Y. 670.)
We now come to the defendant’s argument that the Statute of Limitations is a bar to the superseding informations, because they were filed more than two years after the offenses are alleged to have been committed. A prosecution is deemed commenced when the first information is filed. (Code Crim. Pro., § 144.) In People v. Spevack (253 App. Div. 683, 686, 687, mod. as to one defendant on other grounds but otherwise affd. 278 N. Y. 670, supra), the court said: “ The crime charged being a misdemeanor, the two-year Statute of Limitations would have barred the prosecution (Code Crim. Pro., § 142), unless the statute was rendered inapplicable by the fact that the information on which the appellants were tried was a superseding information. There has been a prior information filed on January 18, 1937, within the two-year period. A prosecution *381 is deemed to have been commenced when the first information is filed, where a second superseding information is resorted to. (Code Grim. Pro., §§ 144, 292-a, 742.) * * * The pleadings show that both charges referred to the same matter, in that everything set forth in the first charge was included in the second. The second information must be deemed to have superseded the first within the meaning of the statute.”
In the cases at bar, the first informations were filed within the two-year period. The court acquired jurisdiction then, and the filing of the superseding informations after the two-year period did not divest the court of such jurisdiction.
Accordingly, the defendant’s demurrers to each of the five informations are, in all respects disallowed.
Impellittebi and Molloy, JJ., concur.
Demurrers disallowed.