Daniel Hoffman, J.
The defendant was arrested for violating section 235.05 of the Penal Law, obscenity in the second degree, on six separate occasions, resulting in the filing of six separate informations. These cases along with more than 150 additional cases against various other defendants charged with multiple violations of section 235.05 of the Penal Law reached the Jury Part of this court for trial. The District Attorney then filed a single superseding District Attorney’s information pursuant to subdivision 2 of CPL 100.50 which reads as follows: “ 2. At any time before entry of a plea of guilty to or commencement of a trial of an information, the district attorney may file with the local criminal court a prosecutor’s information charging any offenses supported, pursuant to the standards prescribed in subdivision one of section 100.40, by the allegations of the factual part of the original information and/or any isupporting depositions which may accompany it. In such case, the original information is superseded by the prosecutor’s information and, upon the defendant’s arraignment upon the latter, is deemed dismissed.” In this superseding District Attorney’s informs tian, all six pending cases against this defendant were joined, and consolidated.
This defendant, for himself and on behalf of others so situated, by stipulation on the record by the attorneys for the other defendants, now moves to dismiss the District Attorney’s superseding information in that the procedure used by the District Attorney to consolidate was improper, and that consolidation may only be sought by motion pursuant to CPL 200.20; and, in particular, the offenses are joinable (subd. 2) only when: “ (c) Even though based upon different criminal transactions * * * such offenses are defined by the same or similar statutory provisions and consequently are the same or isimilar in law ”.
The District Attorney does not deny that in filing the superseding information, his intent was to join and consolidate the six actions. His contention is that CPL 200.20 is not the' sole and exclusive procedure for consolidation, and such may also be made by way of a superseding information.
The District Attorney further argues that (1) “ It is initially necessary to determine whether joinder of offenses is proper in this case ”, and (2) “ and then to examine how it may be accomplished if proper ”.
Our Legislature has long recognized that it would be in the best interests of the business of the courts that identical or related issues in several cases be prosecuted and tried as expeditiously as possible. Accordingly, our criminal procedure laws *633 have contained, since 1881, various statutes providing for the joinder and consolidation of cases whenever it would be proper to do so. Our present CPL 200.20 continues such legislative intent and substantially restates the former section 279 of the Code of Criminal Procedure regarding consolidation.
Since the Criminal Procedure Law has set forth the specific procedure to be followed, the District Attorney may not avoid that statutory scheme by proceeding otherwise. The whole purpose of the Criminal Procedure Law is to clearly and precisely set forth the rules and procedures to be followed in the litigation of criminal crises. The District Attorney cannot seek to legislate his own rules. He may innovate but he cannot usurp the powers of the Legislature.
There is no absolute right to consolidation. Under the statutory scheme of CPL 200.40, only the court can, in its discretion, direct such consolidation, and then only upon the showing of good cause. By trying to consolidate these cases by means of a superseding information, the District Attorney is, in effect, seeking to substitute his discretion for that of the court, in the first instance. This is clearly not what the Legislature intended and has the practical effect of allowing the District Attorney to compel consolidation at his whim.
To allow the People to consolidate cases by a superseding information, instead of by motion, gives them a superior position to that of defendant, since defendant has no comparable right. The District Attorney should not be given such an advantage, for both parties stand before this court on equal footing.
Furthermore, it is this court’s opinion that a superseding information may not be used as a vehicle for consolidation. The language of CPL 100.50 clearly limits the scope of a superseding information to the facts and allegations of the original information. The word “ information ” is used in the singular throughout the section. Thus, this section cannot be construed to permit discretionary joinder.
In conclusion, whether or not consolidation is in order is within the prerogative of the court and not the District Attorney. If the District Attorney or defense counsel seeks consolidation, he must make his motion pursuant to CPL 200.20.
The motion to dismiss is granted. The original cases are restored to the calendar, nunc pro tune, and put down for trial.