*52 OPINION OF THE COURT
M. Arthur Eiberson, J.
The People’s motion to reargue the decision of this court dated May 15, 1996 is granted. Upon reargument the court vacates its original decision and substitutes the following in its place:
On April 1, 1996, the People filed an information accompanied by a supporting deposition charging the defendant with attempted petit larceny (Penal Law §§ 110.00, 155.25). On May 14, 1996, the People filed a second information accompanied by a new supporting deposition containing additional factual allegations charging the defendant with petit larceny (Penal Law § 155.25). The new charge allegedly occurred on the same date and at the same time and place as the offense charged in the original information. Both informations were filed with the clerk of the court. However, when the second information was filed, the clerk did not assign a new index number to it nor was a file jacket prepared. Instead, the second information was simply attached to the file jacket of the original information and treated as if it were a superseding information.
In view of the fact that the second information has already been filed, the issue presented by this motion is not whether the second information must be accepted by the court for filing, as argued by the People, but, instead, whether the court will consolidate the charge contained in the second information with the charge contained in the first information.
In their moving papers, the People cite CPL 100.45 (3). However, that section is inapplicable since the People are not seeking to amend "the accusatory part of [the original] information by addition of a count charging an offense supported by the allegations of the factual part of [the original] information and/or any supporting depositions which may accompany it.” (CPL 100.45 [3].) Incidentally, it should be noted that CPL 100.45 (3) requires that the addition of a charge to an information be "upon application of the people and with notice to the defendant and opportunity to be heard” and states that the court "may” order such an amendment. Accordingly, the People are not entitled to add additional charges to an information as of right. The granting of such an application is within the sound discretion of the court.
The People also cite CPL 100.50 (1) in their moving papers. However, this section is also inapplicable. CPL 100.50 (1) does *53 not authorize the filing of a superseding information. In fact, this court is unaware of any provision in the CPL which expressly authorizes the filing of a superseding information. Apparently, the Code of Criminal Procedure also contained no such provision. The authority for filing a superseding information appears to be based upon the common law as explained by the court in People v Schildhaus (15 Misc 2d 377 [Ct Spec Sess, NY County 1958]). In that case, the court stated: "While there is no specific provision in the Criminal Code referring directly to the procedure governing the filing of superseding informations, once the Court of Special Sessions has acquired jurisdiction of the defendant and of the matter by the return made by a City Magistrate, there is implicit in the law the right to file a superseding information amplifying the charges contained in the original information, so long as they are within the original complaint filed with the City Magistrate.” (Supra, at 379.)
CPL 100.50 recognizes that superseding informations may be filed from time to time and specifies the effect a superseding instrument has upon pending charges. The Court of Appeals has stated that "[i]t is a cardinal principle of statutory interpretation that the intention to change a long-established rule or principle is not to be imputed to the legislature in the absence of a clear manifestation [to change such rule or principle]” (Matter of Delmar Box Co., 309 NY 60, 66 [1955]). Accordingly, this court concludes that the common-law rule which permits the People to file a superseding information amplifying the charges contained in the original information is still the law. However, under modern criminal practice, the rule must be modified by adding "so long as the charges are within the original information.”
It should be emphazied that the People may not use a superseding information to avoid the rules for consolidation and joinder. (People v Cunningham, 74 Misc 2d 631.) In Cunningham, the court stated that "There is no absolute right to consolidation. Under the statutory scheme of CPL 200.40, only the court can, in its discretion, direct such consolidation, and then only upon the showing of good cause. By trying to consolidate these cases by means of a superseding information, the District Attorney is, in effect, seeking to substitute his discretion for that of the court, in the first instance.” (Supra, at 633.)
In the instant motion, the People have not explicitly requested consolidation of the second information with the original information. Nonetheless, it is obvious that that is what the People are attempting to accomplish by this motion.
*54 CPL 100.45 (1) states that the provisions of CPL 200.20 and 200.40, governing the consolidation of indictments for trial purposes, apply to information. CPL 200.20 (5) provides that "[a] court’s determination of an application for consolidation * * * [of two or more informations charging different offenses which are joinable] is discretionary” when such application is made by the People.
In determining whether to permit consolidation of the informations filed against the defendant, the court notes that the defendant has been incarcerated since his arrest on March 31, 1996. Furthermore, the supporting deposition upon which the new charge is based was prepared by the complainant on April 29, 1996, which is two weeks before the second information was filed, and the People’s excuse for not filing the second information sooner is simply neglect. As a result of the new charge being filed, the defendant’s attorney will undoubtedly need an adjournment to make motions and prepare a defense. Meanwhile, the defendant is still incarcerated.
In view of all of the facts and circumstances surrounding the People’s application, this court concludes that the interests of justice will be best served by not consolidating the charge of petit larceny filed on May 14, 1996 with the charge of attempted petit larceny filed on April 1, 1996.