**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**JOSEPH YARWOOD, Defendant**

SX-10-CR-734

Superior Court of the Virgin Islands

Division of St. Croix

January 16, 2013

61

YOLAN C. BROW ROSS, ESQ., Territorial Public Defender, USVI, *Counsel for Defendant*.

KIPPY ROBERSON, ESQ., Assistant Attorney General, Department of Justice, USVI, *Counsel for Plaintiff*.

WILLOCKS, *Judge*

## MEMORANDUM OPINION

(January 23, 2013)

**THIS MATTER** is before this Court on the People's Motion to File Superseding Information, filed on August 8, 2011, pursuant to Rule 7(e)[1] of the Federal Rules of Criminal Procedure. Defendant Joseph Yarwood filed an opposition on September 15, 2011. For the reasons set forth below, this Court will deny the People's Motion to File Superseding Information.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2011, the People filed an eleven-count Information charging the Defendant for alleged acts that occurred on or about December 10, 2010, in the vicinity of No. 131 Profit Hills, Kingshill, St. Croix, U.S. Virgin Islands. The Information charges the Defendant as follows. Count One charges Burglary First Degree/Domestic Violence; Count Two charges Assault in the Third Degree/Domestic Violence; Count Three charges Assault Third Degree/Domestic Violence; Count Four charges Carrying or Using a Dangerous Weapon; Count Five charges Disturbing of the Peace by Threats/Domestic Violence; Count Six charges Brandishing, Exhibiting or Using a Deadly Weapon; Count Seven charges

---

[1] The provisions of Rule 7 of the Federal Rules of Criminal Procedure regarding the Information are incorporated to the criminal practice and procedures of the Superior Court by Rule 7 and 123(f) of the Superior Court Rules.

Aggravated Assault and Battery/Domestic Violence; Count Eight charges Aggravated Assault and Battery, Count Nine charges Aggravated Assault and Battery, Count Ten charges Destruction of Property/Domestic Violence; and Count Eleven charges Unauthorized Possession of a Firearm During the Commission of a Crime of Violence.

The Information alleges the following relevant facts:

- That Defendant, while being armed with a dangerous weapon, namely, a pistol, was breaking and entering the dwelling of Kathleen Bethel with whom Defendant was involved in an intimate relationship.
- That Defendant pointed said firearm in Kathleen Bethel's face threatening to kill her.
- The Defendant put said firearm to the head of the minor, S.V.
- That Defendant with the intent to use the firearm did use the same unlawfully against another; did have, possess, bear, transport, carry, or have under his proximate control.
- That Defendant did maliciously and willfully disturb the peace and quiet of Kathleen Bethel by quarreling, using tumultuous offensive conduct, and threatening to shoot and kill her and her children.
- That Defendant did draw and exhibit a firearm in a rude, angry, and threatening manner.
- That Defendant did assault Kathleen Bethel by slapping her in the face.
- That Defendant did assault Kathleen Bethel by choking her.
- That Defendant did assault a child, J.G., by punching said minor in the face.
- That Defendant did maliciously injure and/or destroy real property not his own; to wit, the louvers to the northern side and bathroom door of No. 131 Profit Hills, property of Kathleen Bethel, injuring and/or destroying the same.
- That Defendant did when unauthorized by law, have, possess, bear, transport, or carry, actually or constructively, open or concealed, a firearm and/or an imitation thereof, during the commission of a crime of violence.

These facts remained the same for the Amended Complaint and the Superseding Information.[2]

A status conference was held on June 21, 2011. At the conference, the People, represented by Assistant Attorney General Jana M. Dalmida (hereafter Attorney Dalmida), informed the Court that the People was not ready for trial and that a Motion to Amend the Information from an eleven-count Information to a one-count Amended Information will be filed. The sole charge in the Amended Information will be Simple Assault and Battery/Domestic Violence. In response to the Court's inquiry as to how soon the People would be filing the motion, Attorney Dalmida stated that it would be filed by the end of the week. The Court then scheduled the matter for a follow-up status conference on August 3, 2011.

At the August 3, 2011 conference, Assistant Attorney General Kippy Roberson (hereafter Attorney Roberson) — newly assigned to represent the People in the matter — informed the Court that he will be filing a "Motion to Withdraw the Motion to Amend the Information" filed by Attorney Dalmida. Attorney Roberson stated that there was additional discovery, which prompted the People to file a Motion for a Superseding Information. Attorney for the Defendant, Public Defender Yolan Brow-Ross (hereafter Attorney Brow-Ross), objected and argued that the Defense relied on the People's representations at the June 21, 2011 status conference; and she had filed a Renewed Motion for Reduction of Bail on August 3, 2011. After the objection from the Defendant, the People stipulated to the Defendant remaining under a 24-hour house arrest without an electronic monitor. The Court granted Defendant's motion for release, but ordered the Defendant be placed on 24-hour house arrest without the electronic monitoring, along with the other standard conditions of release.

A follow-up status conference was scheduled for October 28, 2011. In the interim, on August 8, 2011, Attorney Roberson filed the Motion to Withdraw Motion to Amend Information and Motion to File Superseding Information. An evidentiary hearing was held on January 19, 2012 to

---

[2] After reading all briefs filed by the People in this matter, this Court is still unclear as to how the People reviewed and conducted the requisite investigation of this matter, determined that the original Information which contained eleven counts should be reduced to a single count of Simple Assault and Battery/Domestic Violence, then abruptly change their position and attempt to charge the Defendant with seven new charges.

determine whether the Motion to Amend Information, which was represented to have been filed by Attorney Dalmida on August 2, 2011, had, in fact, been filed and to hear arguments on the motions. At the hearing, Attorney Dalmida stated that she had prepared the Motion to Amend Information, personally given it to the messenger for the Attorney General's Office for delivery and filing in Court on August 2, 2011, and faxed a copy to Attorney Brow-Ross. Attorney Brow-Ross acknowledged the receipt of the Motion to Amend Information on August 2, 2011 via facsimile. However, a review of the Court's file was devoid of the People's Motion to Amend. The Parties agreed that the Motion to Amend was filed on or about August 2, 2011. The Court, after listening to the Parties, attributed the absence of the motion to clerical error.[3] The Court corrected the clerical error and granted the People's Motion to Amend. The Court also noted for the record that had the Motion to Amend the Information came before it, based upon the representations by Attorney Dalmida in the previous hearing and the no objection from the Defense, the Court would have granted the People's Motion to Amend. The Court denied Attorney Roberson's Motion to Withdraw; since, but for clerical error, the Motion would have been ruled upon and accepted the People's Motion to File Superseding Information. The Court gave the Defense an opportunity to respond before it ruled on the People's Motion to File a Superseding Information. The Defense Responded to the Motion on May 2, 2012.

The People's Superseding Information seeks to delete Count One, Simple Assault and Battery/Domestic Violence and replace as Count One, Burglary in the First Degree; and add Count Two, Burglary in the First Degree; Count Three, Assault in the Third Degree; Count Four, Assault Second Degree with Strangulation and Domestic Violence; Count Five, Assault in the Third Degree; Count Six, Carrying or using a Dangerous Weapon During the Commission of a Crime of Violence; and Count Seven, Unauthorized Possession of a Firearm During the Commission of a Crime of Violence.

In support of the People's Motion to File a Superseding Information, the People argue that although additional or different offenses are charged in the proposed Superseding Information, the substantial rights of the

---

[3] See Rule 137 of the Rules of the Superior Court.

Defendant are not prejudiced. The People further argue that there is a lack of prejudice here because the charges were previously alleged, with the exception of Assault in the Second Degree, and are based upon facts contained in the Probable Cause Sheet submitted. The People primarily cite Rule 7(e) of the Federal Rules of Criminal Procedure and *Government of the Virgin Islands v. Thompson*, 2005 WL 641752, *1 (D.V.I. Mar. 10, 2005) as the authority to file the Superseding Information.

In response, the Defendant argues that filing a Superseding Information would violate Rule 7(e) of the Federal Rules of Criminal Procedure because the charges included in the proposed Superseding Information are different to the one-count Amended Information. The Defendant also argues that the People's motion also lacks a good-faith basis for the filing of the Superseding Information. Specifically, the People have not adequately explained the basis for filing the Motion to Supersede to increase the counts charged, after the previous counsel who conducted a proper investigation reduced the original charges to Simple Assault and Battery/Domestic Violence.

## SUMMATION OF PAST AND PROPOSED CHANGES TO THE INFORMATION

| Count | Original Information | Amended Information | Superseding Information |
|-------|----------------------|---------------------|-------------------------|
| Count 1 | Burglary in the First Degree | Simple Assault and Battery/Domestic Violence | Burglary in the 1st Degree |
| Count 2 | Assault in the 3rd Degree/Domestic Violence | | Burglary in the 1st Degree |
| Count 3 | Assault in the 3rd Degree/Domestic Violence | | Assault in the 3rd Degree |
| Count 4 | Carrying or using a Dangerous Weapon | | Assault in the 2nd Degree with Strangulation |
| Count 5 | Disturbance of the Peace by Threats | | Assault in the 3rd Degree |

| Count | Original Information | Amended Information | Superseding Information |
|---|---|---|---|
| Count 6 | Brandishing and Exhibiting a Dangerous Weapon | | Carrying or Using a Dangerous Weapon |
| Count 7 | Aggravated Assault and Battery | | Unauthorized Possession of a Firearm |
| Count 8 | Aggravated Assault and Battery | | |
| Count 9 | Aggravated Assault and Battery | | |
| Count 10 | Destruction of Property/ Domestic Violence | | |
| Count 11 | Unauthorized Possession of a Firearm | | |

## ANALYSIS

### The Superseding Information

As a preliminary matter, the Court notes the use of the phraseology "superseding information" is commonplace within the Virgin Islands legal community. However, after extensive review of Virgin Islands Law and Court Rules, there is nothing in the Virgin Islands Statute or Rules that mention a "superseding information."[4] Nor is the phraseology "superseding information" found in Rule 7 of the Federal Rules of Criminal Procedure Rule 7(e) of the Federal Rules of Criminal Procedure,[5] expressly provides

[u]nless an additional or different offense is charged **or** a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding, does not expressly authorize the filing of a Superseding Information. *See also*

---

[4] However, there are a number of cases that make reference to superseding information.

[5] Rule 7 of the Federal Rules of Criminal Procedure has been expressly incorporated by Rules 7 and 123(f) of the Superior Court Rules to apply in proceedings relating to the Information.

67

*Brito v. People of the Virgin Islands*, 54 V.I. 433 (S. Ct. 2010) (emphasis added).

In addition, the use of *Government of the Virgin Islands v. Thompson*, 2005 WL 641753, *1 (D.V.I. Mar. 10, 2005), is misapplied and does nothing to promote the People's argument The Court in *Thompson* was concerned with prosecutorial vindictiveness and did not analyze and address the issue of superseding information but rather simply and briefly mentioned that in that particular case a superseding information was permitted.

The relevant history of the superseding information can be traced to 1958 in the case of *People v. Schildhaus*, 15 Misc. 2d 377, 180 N.Y.S.2d 377 (Ct. of Spec. Sess., N.Y. Co. 1958). In that case, the Court elucidated, "authority for filing a Superseding Information appear to be based upon the common law." In so explaining, the *Schildaus* Court states:

> While there is no specific provision in the Criminal Code referring directly to the procedure governing the filing of superseding information, once the Court of Special Sessions has acquired jurisdiction of the defendant and of the matter by the return made by a City Magistrate, there is implicit in the law the right to file a superseding information amplifying the charges contained in the original information, so long as they are within the original complaint filed with the City Magistrate. (*Supra*, at 379, 180 N.Y.S.2d 377) (Emphasis added).

In *People v. Harris*, 169 Misc. 2d 51, 646 N.Y.S.2d 604, which followed *Schildaus*, the Court held that the common law rule, which permits the People to file a Superseding Information, amplifying the charges contained in the original information, is still the law. The *Harris* Court reasoned[6] that its finding was based upon "the cardinal principle of statutory interpretation that the intention to change a long-established rule or principle is not to be imputed to the legislature in the absence of a clear manifestation [to change such rule or principle] . . ." Most significantly, the *Harris* Court, while expanding the common law rule, instructed, "[h]owever, under modern criminal practice, the [common law] rule must be modified by adding 'so long as the charges are within the original information.' " (*Supra*, at 606, 646 N.Y.S.2d 604).

In the Virgin Islands, the rules of the common law have expressly been

---

[6] Citing to *In re Delmar Box Co.*, 309 N.Y. 60, 66, 127 N.E.2d 808, 811 (1955).

adopted pursuant to V.I. CODE ANN. tit. 1, § 4, which states:

> The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

The final nail in the coffin in this matter is that according to Rule 7 of the Superior Court Rules, the Federal Rules of Criminal procedure have been adopted by the Superior Court as long as there is no other rule to the contrary. More specifically, Rule 123 of the Superior Court Rules, adopts Rule 7 of the Federal Rules of Criminal Procedure.

## The People's Superseding Motion Is in Violation of Rule 7(e) of the Federal Rules of Criminal Procedure

■ Under Rule 7(e) of the Federal Rules of Criminal Procedure, the Court may permit an Information to be amended at any time before verdict or finding if no additional or different offense is charged or if substantial rights of the defendant are not prejudiced.[7] *See also, Brito v. People of the Virgin Islands*, 54 V.I. 433 (S. Ct. 2010). Generally, addition of a lesser-included offense will not be found to violate the rule. However, it is not necessarily true that amending an Information to include a crime, which is not a lesser-included offense, will violate the rule.

In *Commonwealth v. Sinclair*, 2006 PA Super 83, 897 A.2d 1218 (Pa. Super. 2006), a case that is instructive in this matter, the Court emphasized that the purpose of Rule 564[8] of the Pennsylvania Rules of Criminal Procedure — which contains the same "additional or different offense" language of Rule 7(e) of the Federal Rules of Criminal Procedure — is to ensure that a defendant is fully apprised of the charges and to avoid prejudice by prohibiting the last-minute addition of alleged

---

[7] "This rule continues the existing law that, unlike an indictment, an information may be amended." Note to Subdivision (e) of the FED. R. CRIM. P. 7 citing *Muncy v. United States*, 289 F. 780 (4th Cir. 1923).

[8] Pennsylvania Rule of Criminal Procedure 564 states:

> The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as necessary in the interests of justice. PA. R. CRIM. P. 564.

criminal acts of which the defendant is uninformed. *Commonwealth v. Duda*, 2003 PA Super 315, 831 A.2d 728, 732 (Pa. Super. 2003). In determining this issue, the Court finds the test applied in *Sinclair* highly instructive:

> [W]hether the crimes specified in the original indictment or information involves the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Commonwealth v. Sinclair*, 2006 PA Super 83, 897 A.2d 1218, 1221 (Pa. Super. 2006) (citing *Commonwealth v. Davalos*, 2001 PA Super 197, 779 A.2d 1190, 1194 (Pa. Super. 2001)).

■ Although this Court finds the ruling in *Sinclair* instructive, there is a difference between the conjunctive rule applied in *Sinclair* and disjunctive rule found in Rule 7(e) of the Federal Rules of Criminal Procedure. The standard applied in *Sinclair* required a showing that both a new and additional charge was added and the defendant's right were prejudiced. *Commonwealth v. Sinclair*, 2006 PA Super 83, 897 A.2d 1218, 1221 (Pa. Super. 2006) (emphasis added). However, Rule 7(e) of the Federal Rules of Criminal Procedure requires a showing of one or the other. To state it differently, to violate Rule 7(e) of the Federal Rules of Criminal Procedure, there needs only be a showing of either new or additional charges or the substantial rights of the defendant are prejudiced.

■ Thus, the critical issue here is whether the People has added completely new or different offense(s) such that Rule 7(e) would be violated. *GVI v. Bedford*, at 765, cited *supra. See also Simon v. Government of the Virgin Island*, 47 V.I. 3, 21 (Super. Ct. 2002). If it is found that no new or different offense is charged, the issue of whether the substantial rights of the defendant are being prejudiced becomes the determining factor in the decision of a court to permit an Information to

be amended under Rule 7(e).[9] However, this Court need not address that issue, since it is the opinion of this Court that the People has not passed the first threshold.

Although originally filing an eleven-count Information in this matter, the People subsequently filed a Motion to Amend the Information on August 2, 2011. The Amended Information eliminated ail counts with the exception of a single charge of Simple Assault and Battery/Domestic Violence. On April 17, 2011, the Court granted the Motion to Amend for the record and denied, as moot, the People's Motion to Withdraw the Motion to Amend. The amendment was granted because "a lesser included offense is, by definition, composed exclusively of some, but not all, of the elements of the offense charged. It does not constitute "a 'different' offense, and seldom an 'additional' offense within the meaning of 7(e)." *Walters v. Government of the Virgin Islands*, 172 F.R.D. 165, 169, 36 V.I. 101 (D.VI. 1997) (citing *Government of the Virgin Islands v. Bedford*, 671 F.2d 758, 765 (3d Cir. 1982)). Therefore, this Motion to Supersede the Information is now seeking to amend the now controlling Amended Information to add seven new counts.

██ A review of the seven-count Superseding Information clearly shows that the people are attempting to add new or additional charges in violation of Rule 7(e) of the Federal Rules of Criminal Procedure. The Amended Information contains the singular charge of Simple Assault and Battery/Domestic Violence, which requires the People to prove beyond a reasonable doubt that the Defendant used "unlawful violence upon the person of another, and the defendant did so with the intent to injure that person."[10] The proposed Superseding Information charges seven counts requiring the People to prove beyond a reasonable doubt new and additional facts. First, to prove Burglary in the First Degree, the People must prove beyond a reasonable doubt that the Defendant armed with a dangerous weapon intended to break and enter a dwelling house, building, or structure of another, in which there is at the time a human being.[11] To

---

[9] Most case law interpreting Rule 7(e) has generally addressed the question of whether the defendant has been prejudiced by the emendation, rather than the conceptual problem of what constitutes "an additional or different" offense. *Government of the Virgin Islands v. Bedford*, 671 F.2d 758, 765 (3rd Cir. 1982).

[10] *See* Title 14 V.I.C § 299(1) of the Virgin Islands Code.

[11] *See* Title 14 V.I.C § 442(1) of the Virgin Islands Code.

prove the charge of Assault in the Third Degree included in the Superseding Information, the People must prove beyond a reasonable doubt that the Defendant "assaulted another with a deadly weapon."[12] The charge of Assault in the Second Degree requires the People to prove beyond a reasonable doubt that the Defendant strangled or attempted to strangle any person in an act of domestic violence.[13] To prove Carrying or Using a Dangerous Weapon during the Commission of a Crime of Violence, the People must prove beyond a reasonable doubt that the Defendant, with the intention or using unlawfully against another "has, possesses, bears, transports, carries, or has under his proximate control, a dagger, dirk, dangerous knife, razor, stiletto, or any other dangerous or deadly weapon."[14] Finally, the proposed Count Seven, Unauthorized Possession of a Firearm During the Commission of a Crime of Violence requires the People to prove beyond a reasonable doubt that the Defendant unlawfully "has, possesses, bears, transports, or carries, either actually or constructively, openly or concealed, any firearm . . . loaded or unloaded during the commission or attempted commission of a crime of violence . . ."[15]

Applying Rule 7(e) of the Federal Rules of Criminal Procedure, this Court cannot permit the addition of the seven new counts proposed in the Superseding Information. The seven counts in the proposed Superseding Information contain charges new or additional to the charge of Simple Assault and Battery/Domestic Violence. The fact that the underlying events supporting the new charges arose from the events included in the original Probable Cause Sheet is not the determinative factor. The determinative factor, which precludes this Court from granting this motion, is the addition of new or additional charges that differ from the controlling Amended Information.

## CONCLUSION

The Court finds that on these facts, additional and different offenses are being charged in the People's proposed Superseding Information. To

---

[12] See Title 14 V.I.C. § 297(2) of the Virgin Islands Code.
[13] See Title 14 V.I.C. § 296(3) of the Virgin Islands Code.
[14] See Title 14 V.I.C § 2251(a)(2)(B) of the Virgin Islands Code.
[15] See Title 14 V.I.C § 2253(a) of the Virgin Islands Code.

allow the Superseding Information would empty the meaning and impact of Federal Rules Criminal Procedure Rule 7(e) and deprive the Defendant of the rights the rule is intended to provide. A separate order consistent with this Memorandum and Opinion shall be issued.